Hyman Korn, J.
This is an application by the Department of Buildings of the City of Hew York for an order appointing the Commissioner of Real Estate of the City of Hew York receiver of the rents and profits of a certain multiple dwelling. The application is made pursuant to section 309 of the Multiple Dwelling Law as amended by chapter 492 of the Laws of 1962 of the State of Hew York, effective June 1,1962. The only opposition is interposed by 1019 Boston Road, Inc., identified only as a mortgagee. In a one-page affidavit it attacks the constitutionality of the law and relies on the case of Central Sav. Bank v. City of New York (279 N. Y. 266).
The Legislature has found that a condition exists where certain dwellings have deteriorated or are deteriorating containing conditions constituting a nuisance which must be immediately cured as irreparable damage may ensue to the building involved or endanger the life, health or safety of the occupants, occupants of adjacent buildings or the general public. It further found that additional enforcement powers were necessary. The intent of the legislation is to eliminate slums and to remove conditions which are contrary to the public health, safety and welfare (L. 1962, ch. 492, § 1).
This is a classic ease of a “ phantom owner ”. The Department of Buildings has made diligent efforts to locate her but have been unsuccessful. In fact there is a warrant for her arrest which the police have been unable to serve. It is noted that the premises are owned in a corporate name and the only known stockholder and officer is the woman who cannot be found. A reading of the extensive repairs required in this building, indicates that it is or is becoming a slum dwelling. The amended law was meant to have effect in a case such as this.
The case relied on by the opposition held that a lien for the expenses to alter and improve an old-law tenement could not have priority over mortgages as that would constitute a taking of property without due process and impairs the obligation of a contract.
However, the Court of Appeals pointed out that the law as it existed did not afford a mortgagee an opportunity to be heard as to the reasonableness of the proceeding or the expense. He was not consulted and could only sit idly by while the department or the owner diminished the value of the mortgagee’s lien.
Under the law as amended, the mortgagee is not now in such position. He must be given notice of the proceeding and hearing, *591 can apply to perform the work himself and is given other rights in protection of his lien.
The court is of the opinion that due process has been complied with and the obligation of the contract not impaired by the amended law.
In fact it is noted that the Governor when approving this law stated: “ This ‘ Receivership Bill ’, as developed by the Association of the Bar of the City of New York and revised by the Joint Legislative Committee on Housing and Multiple Dwellings, appears to be both constitutional and capable of effective use. It is therefore appropriate that the provisions of this bill be an additional weapon available to localities to combat dangerous slum conditions.
“ Serious constitutional objections raised by the legal profession to prior ‘ Receivership Bills5 appear to have been removed from this hill.
“ Significant additional features in this bill are the specific limitations on the priority of lien which would be created in favor of the locality exercising the powers contained in this hill, together with the specific provisions for adequate notice to interested parties, for hearings, and for opportunity to interested parties demonstrating sufficient ability and posting sufficient security to make the necessary repairs promptly”. (McKinneys 1962 Sessions Laws, vol. 2, p. 3635.)
Accordingly, the court holds that the law enacted was a valid use of the police power of the State, that due process is complied with, and the obligation of the mortgagee’s contract not impaired. Therefore, the application is granted.